UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
IN RE APPLICATION OF EFFECTEN-SPIEGEL    :    18mc93 (DLC)
AG AND ARFB ANLEGERSCHUTZ UG FOR AN      :
ORDER TO TAKE DISCOVERY PURSUANT TO 28   :    OPINION AND ORDER
U.S.C. § 1782                            :
                                         :
---------------------------------------- X

APPEARANCES:

For Petitioners:
Ralph M. Stone
Susan M. Davies
Stone Bonner & Rocco LLP
1700 Broadway, 41st Floor
New York, New York 10019

For Merrill Lynch Respondents:
Lara Samet Buchwald
Sushila Rao Pentapati
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017

For Porsche:
Suhana S. Han
Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

DENISE COTE, District Judge:

Following oral argument on June 7, 2018, petitioners' application to take discovery pursuant to 17 U.S.C. § 1782 was denied as to Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch & Co. (collectively, "Merrill Lynch NY") for reasons stated on the record at that conference. Petitioners now move for reconsideration of that denial. For the following

reasons, petitioners' motion is denied.

BACKGROUND

Petitioners have been pursuing shareholder litigation against Porsche Automobil Holding SE ("Porsche") in Germany since 2011 (the "German Litigation"). The central allegations they bring against Porsche are that its statements in March of 2008 inaccurately described the degree to which it was interested in making an investment in Volkswagen AG ("Volkswagen"), and that it participated in a manipulation of Volkswagen shares by engaging in a short squeeze before its October 26, 2008 disclosure about the extent of Porsche's stake in Volkswagen.[1] Through this Section 1782 petition, filed on March 13, 2018, they principally seek documents held by the Merrill Lynch NY entities related to the financial relationship between any Merrill Lynch entity and Porsche over a more than four year period and documents related to the financing and structuring of Porsche's investments in Volkswagen securities.

Neither Merrill Lynch NY entity, both of which it is assumed are present in or may be found in New York, participated in either of the events at issue in the German Litigation. There is no reasonable basis to believe that either Merrill

---

[1] At the June 7 conference, counsel for petitioners agreed that this was an accurate summary of its claims against Porsche.

Lynch NY entity possesses documents relevant to either of these issues.

It was another Merrill Lynch entity, Merrill Lynch International Bank Ltd. ("MLIB") that provided investment banking services to Porsche in connection with its investment in Volkswagen. MLIB is an Irish entity. It (or other related Merrill Lynch entities, but not Merrill Lynch NY) provided these services to Porsche through their Frankfurt and London offices. As for the trading strategy undertaken by Porsche in Volkswagen securities just before the October 26, 2008 announcement, that was managed by Maple Bank GmbH ("Maple Bank"), a German entity with no relationship to any Merrill Lynch entity.

At the June 7 conference, the Court assumed that the petition met each of the statutory requirements of Section 1782.[2] Taking into account the "twin aims" of Section 1782 and applying the factors listed in Intel Corp. v. Advance Micro Devices, Inc. 542 U.S. 241 (2004), however, the Court exercised its discretion and denied the petition to the extent it sought documents from

---

[2] Those requirements are "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person." Certain Funds, Accounts, and And/Or Inv. Vehicles v. KPMG LLP, 798 F.3d 113, 117 (2d Cir. 2015) (citation omitted).

3

Merrill Lynch NY.[3]  The Intel factors are:

> First, when the person from whom sought is a
> participant in the foreign proceeding the need
> for § 1782(a) aid generally is not as apparent as
> it ordinarily is when evidence is sought from a
> nonparticipant in the matter arising abroad.  A
> foreign tribunal has jurisdiction over those
> appearing before it, and can itself order them to
> produce evidence.
>
> Second, a court presented with a § 1782(a)
> request may take into account the nature of the
> foreign tribunal, the character of the
> proceedings underway abroad, and the receptivity
> of the foreign government or the court or agency
> abroad to U.S. federal-court judicial assistance.
>
> Third, a district court could consider whether
> the § 1782(a) request conceals an attempt to
> circumvent foreign proof-gathering restrictions
> or other policies of a foreign country or the
> United States.
>
> Finally, unduly intrusive or burdensome requests
> may be rejected or trimmed.

Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80-81 (2d Cir. 2012) (citing Intel, 542 U.S. at 264-65).

The Court made the following findings regarding the first three Intel factors.[4]  As to the first factor, neither Merrill

---

[3] The petitioners also seek information from John Thain, as described below.  The petitioners have been given permission to serve him.  Thain moved to quash that subpoena on July 20.  Petitioners' response was submitted on August 3.  The motion to quash is granted in an order that accompanies this Opinion.

[4] At an initial conference with the parties on March 23, the Court advised the parties that it would address the scope of the subpoena the Court found that the correct entities were named in the petitioners' application.  Therefore, the parties did not address in any detail and the Court did not consider whether the

4

Lynch NY entity is a participant in the German Litigation. The Court observed, however, that Porsche is a participant and the documents that the petitioners seek from the Merrill Lynch NY entities should be in Porsche's files.[5]

As for the second factor, the Court found that it weighed against the petitioners "to some extent." It noted that there had already been a preliminary finding by a German court of a lack of merit to the claims, and that in these circumstances a German court would not consider a denial of the petition "to be a refusal to assist in ongoing German litigation."

The Court found, with respect to the third factor, that this petition could be properly characterized as an attempt to circumvent foreign proof-gathering restrictions. The petition was filed years after the German Litigation had been commenced and after a German court preliminarily found that the claims are without merit, denying petitioners' requests for further discovery in the process.

The Court added several additional considerations that affected its analysis of the petition. These included that the

---

proposed subpoena was overbroad. If the petition had survived the threshold inquiry, the parties would have been given an opportunity to negotiate a narrowing of the subpoena.

[5] There is also reason to believe that the documents are in the files of German prosecutors as well and that there are mechanisms in Germany for discovery of prosecutor's files in some circumstances.

5

documents that the petitioners sought were held by MLIB or Maple Bank. While the latter was an entity with no connection whatsoever to Merrill Lynch NY, the former was a corporate affiliate of Merrill Lynch NY. It observed, however, that corporations such as Merrill Lynch are entitled to have their separate corporate identities respected. The Court also took care to distinguish between the roles played by various Merrill Lynch entities, noting that the "Irish entity," MLIB, provided M&A advice to Porsche, whereas the New York based entities "may have acted as a clearing house for trading."

In addition, as the Court of Appeals discussed in <u>Application of Sarrio, S.A.</u>, 119 F.3d 143, 147 (2d Cir. 1997), there is strong reason to believe that Congress did not intend Section 1782 to be a vehicle for obtaining documents that aren't located in the United States. The Court noted the following, quoting at some length from Hans Smit's observations as recited in <u>Sarrio</u>:

> As Hans Smit pointed out, [construing the statute to reach evidence abroad] would make the United States courts clearinghouses for discovery in litigation around the world and would transform the assistance that [Section] 1782 was intended to provide to foreign and international tribunals to interfere[nce] with foreign jurisdictions, including their incorporation statutes, their discovery statutes, their privacy statutes. And there's no reason to think that Section 1782 was designed in that way.

Furthermore, the Court observed that, in this era of electronic files, it was possible that a document contained on

6

the MLIB servers which the petitioners sought through this petition had found its way onto the servers of Merrill Lynch NY. But, its existence on the Merrill Lynch NY servers is entirely speculative and it would be a fishing expedition to require Merrill Lynch NY to undertake a search for any such documents.

Finally, the Court addressed the single possible connection the petitioners had identified between Merrill Lynch NY and the events at issue in the German Litigation. On October 15, 2008 representatives of Porsche met in New York with John Thain. At that time Thain was the chief executive officer of Merrill Lynch & Co. Thain delivered difficult news to Porsche. He informed Porsche that Merrill Lynch & Co. would not refinance an outstanding loan to Porsche. This meeting was held in the middle of a worldwide financial crisis. The Court held that the existence of this meeting did not provide a sufficient hook to require Merrill Lynch NY "to undertake this fishing expedition to see if there is any MLIB document that might reside on their servers."

Based on an application of these findings to the Intel discretionary factors, the Section 1782 application was denied as to the Merrill Lynch NY entities. In rendering its decision, the Court repeatedly referred to the two goals behind Section 1782: "providing efficient means of assistance to participants in international litigation in our federal courts and

7

encouraging foreign countries by example to provide similar means of assistance to our courts." Certain Funds, Accounts, and And/Or Inv. Vehicles v. KPMG LLP, 798 F.3d 113, 117 (2d Cir. 2015) (citation omitted).

DISCUSSION

The standard for granting a motion for reconsideration pursuant to Rule 59 is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.

2009) (citation omitted).

The petitioners have not carried their burden to show that reconsideration is warranted. They present no legal authority overlooked by the Court, no intervening change of controlling law, and no new evidence that justice requires consideration of. Instead, they seek to relitigate issues decided against them after full briefing and oral argument.

Petitioners raise three arguments in support of their motion. First, they contend that the Court improperly held that there is a geographic threshold to Section 1782. They argue that Merrill Lynch NY has a right to obtain documents from MLIB and produce them to the petitioners, particularly since MLIB is a wholly-owned subsidiary of Merrill Lynch & Co. First, the Court did not impose a blanket territorial threshold on the application of Section 1782. The Court examined the guidance given in Sarrio, 119 F.3d at 147, and considered it along with other pertinent factors in the context of the Section 1782 application before it. The Court questioned if extraterritorial application of Section 1782 "in these circumstances" was appropriate and found that, "in this case," the Intel factors weighed against that application. The petitioners' argument, if anything, underscores the Court's conclusion that the relevant documents do not reside in New York, but in Ireland with MLIB.

Second, the petitioners argue that the Court erroneously

9

concluded that Merrill Lynch NY does not possess information relevant to the German Litigation. Petitioners argue that the Court overlooked that Merrill Lynch, Pierce, Fenner & Smith, Inc. "was engaged in an unusually high volume of lending of [Volkswagen] stock during the relevant time period." The conclusion that conducting discovery of Merrill Lynch NY amounted to a fishing expedition was firmly grounded in the evidence and argument presented. The Court noted both that an Irish affiliate of Merrill Lynch NY, MLIB, provided the relevant M&A advice to Porsche, and that Merrill Lynch NY was not involved with Porsche's alleged options strategy. It was undisputed that Maple Bank designed Porsche's options strategy. The Court expressly noted that an entity acting as a "clearinghouse for trading" was distinct from an Irish entity "involved with providing M&A advice." Moreover, the execution of trades is not relevant to the German Litigation. At the hearing, petitioners did not object to the Court's characterization of the German Litigation or of the roles of each of the entities assisting Porsche.[6] The petitioners have not presented grounds for relitigation of the Court's conclusion that the Merrill Lynch NY entities are unlikely to possess

---

[6] Counsel for petitioners noted that "everything that your Honor described accurately portrays the basic fabric of the German claims."

10

information relevant to the German Litigation.

Finally, petitioners argue that the Court incorrectly applied the Intel factors. Petitioners base most of their argument on facts and background hitherto unraised -- chiefly, more detail regarding the German process for applying for and collecting discovery -- but do not identify a change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice to justify their argument. The petitioners provide no basis for concluding that the Court failed to properly apply and weigh each Intel factor on June 7 on the basis of the record before the Court.

Petitioners mistakenly argue that the Court applied each finding on the Intel factors as independently dispositive. It did not. Even a cursory review of the June 7 transcript reveals that, in exercising its discretion, the Court considered the findings together, along with other facts relevant to this Section 1782 analysis, and found that the weight of the entire record justified a denial of the application as to Merrill Lynch NY.

11

## CONCLUSION

The petitioners' June 21 motion for reconsideration is denied.

Dated: New York, New York
August 10, 2018

_____
DENISE COTE
United States District Judge