```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
IN RE APPLICATION OF EFFECTEN-SPIEGEL    :    18mc93 (DLC)
AG AND ARFB ANLEGERSCHUTZ UG FOR AN      :
ORDER TO TAKE DISCOVERY PURSUANT TO 28   :    MEMORANDUM OPINION
U.S.C. § 1782                            :         AND ORDER
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On June 7, 2018, petitioners' motion to take discovery of Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch & Co. (collectively, "Merrill Lynch NY") pursuant to 17 U.S.C. § 1782 was denied. Also on June 7, petitioners were granted permission to serve John Thain, former Chairman and Chief Executive Officer of Merrill Lynch & Co., with a subpoena to take discovery pursuant to 17 U.S.C. § 1782. Thain has now been served, and he filed a motion to quash on July 20. The motion became fully submitted on August 6. For the foregoing reasons, Thain's motion to quash is granted.

Today, petitioners' motion for reconsideration of the denial of their application to take discovery of Merrill Lynch NY was denied. The Opinion describing the reasons for the denial is incorporated into this Order by reference.

A court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The subpoena served on Thain contains the

identical requests as the subpoenas petitioners sought to serve on Merrill Lynch NY.  In brief, the subpoena commands Thain to appear for a deposition and to produce any documents in his possession related to the financial relationship between any Merrill Lynch entity and Porsche and documents related to the financing and structuring of Porsche's investments in Volkswagen securities.  Thain has submitted a sworn statement in which he declares that he does not have documents responsive to the subpoena and that he does not recall any information requested in the subpoena.  Petitioners have withdrawn their request for documents and seek only his deposition.

Thain met with Porsche representatives in New York on October 15, 2008, in the midst of a global financial crisis.  Just one month earlier, Bank of America Corporation announced that it would acquire Merrill Lynch & Co.  As noted at oral argument held on June 7, the meeting was "about a refinancing of a loan that had been previously extended" to Porsche.  It is undisputed that Thain told Porsche in that meeting that Merrill Lynch would not be refinancing the loan.  Thain declares that he "recall[s] a meeting with representatives of Porsche," he does not recall "the date of that meeting, the individuals who attended[,] or the substance of the discussion."

As noted in today's Opinion, no Merrill Lynch NY entity provided Porsche with investment banking services in connection

with its investment in Volkswagen.  Thain has declared that he had no "oversight of, or any involvement with" investment banking services given by Merrill Lynch International Bank Ltd. ("MLIB") to Porsche in connection with Porsche's investment in Volkswagen.  Further, Porsche's trading strategy for its investment in Volkswagen was handled by a German entity with no relationship to Merrill Lynch.

The subpoena served on Thain subjects him to an undue burden.  He has no documents.  He has no current recollection of the meeting held over ten years ago, at a time of a global financial crisis.  Courts must be vigilant so that CEOs (and former CEOs) and those in control of large institutions are not subjected to the burdens of discovery without a showing that they are likely to have information useful to the litigation that cannot fairly and with less burden be found elsewhere.  See, e.g., Scott v. Chipotle Mexican Grill, Inc., 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (noting that while "[h]ighly-placed executives are not immune from discovery," there is an "additional layer of protection for senior corporate executives" and it "may be appropriate to preclude a redundant deposition") (citation omitted); Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (deposition of CEO permitted when sufficient evidence presented that CEO had personal knowledge of relevant facts and unique

3

knowledge relevant to the action).  Petitioners have not made a showing that any deposition of Thain would not be redundant with the sworn statement he has already provided, or that he has any unique personal knowledge relevant to the German Litigation. Petitioners argue that they may be able to refresh Thain's recollection at a deposition.  But they admit they have no documents to assist in that effort and have made no showing that they have any other information that could serve that purpose.

As significantly, the petitioners have not shown that even a thoroughly refreshed recollection about a single meeting with Porsche representatives a decade ago is relevant to the German Litigation.  The Thain meeting in September 2008 with Porsche had to do with a refusal to extend financing to Porsche.  The petitioners are investors in Volkswagen.  It is Porsche's strategy for investing in Volkswagen that is at the heart of the German Litigation.

Acknowledging the weakness of the connection between the Thain meeting and the issues at stake in the German Litigation, petitioners suggest in opposition to this motion to quash that Thain may have information about Porsche's general financial condition as of October 15, 2008.  To the extent Porsche's general financial condition in October of 2008 is relevant to the German Litigation (and the petitioners have not explained how it is), Thain is not an appropriate deponent for that

inquiry. For the same reasons petitioners were not allowed to pursue a fishing expedition through the files of the Merrill Lynch NY entities, the Thain motion to quash is granted.

## CONCLUSION

John Thain's July 20 motion to quash the subpoena served on him is granted. The subpoena shall be quashed in its entirety.

Dated:    New York, New York
          August 10, 2018

```
                      _____
                              DENISE COTE
                       United States District Judge
```